(78 South. 973)

No. 23060.

STATE v. EBARBO.

(May 27, 1918.)

*(Syllabus by the Court.)*

1. DISTRICT COURTS — LOUISIANA — JURISDICTION IN CRIMINAL CASES.

The district courts throughout the state, except in the parish of Orleans, have unlimited and exclusive original jurisdiction in all criminal cases, except such as may be vested in the other courts authorized by the Constitution.

2. JUVENILE COURTS — CONSTITUTIONAL PROVISIONS.

District courts, when in session under the act known as the Juvenile Court Act, are known, for convenience, as juvenile courts.

3. DISTRICT COURTS — JURISDICTION AS JUVENILE COURTS.

District courts, outside of the parish of Orleans, sitting as juvenile courts, have jurisdiction, except for capital crimes, of the trial of all children under 17 years of age, and who may be charged in said courts as neglected or delinquent children.

4. DELINQUENT CHILD — CONSTITUTIONAL DEFINITION.

The term "delinquent" child means any child 17 years of age and under who, among other things, violates any law of the state, or any ordinance of any village, town, city, or parish of the state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Delinquent Child.]

5. INFANTS ☞18—MINORS—LOUISIANA DISTRICT COURT—CRIMINAL JURISDICTION.

A person over 17 years of age must be charged and tried in the district court, although at the time of the commission of the offense he may have been under 17 years of age.

O'Niell, J., dissenting.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

George Ebarbo was convicted of larceny, and he appeals. Affirmed.

Don E. So Relle, of Many, for appellant. A. V. Coco, Atty. Gen., and W. M. Lyles, Dist. Atty., of Leesville (Vernon A. Coco, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant was indicted for larceny, tried, convicted, and sentenced and he appeals.

Defendant excepted to the jurisdiction of the district court on the ground that he was not 17 years of age when the act charged in the bill of indictment is said to have been committed, and that the court was without jurisdiction to try him except as a juvenile.

It appears that the defendant was born January 25, 1901, and attained his seventeenth birthday on January 25, 1918. He was indicted by the grand jury March 7, 1918, for the larceny of a horse on the 6th day of December, 1917. He was tried on March 15, 1918. The defendant was not indicted until after he had attained his seventeenth year, and as his trial took place subsequent to that time, the district court had jurisdiction; and the district court, sitting as a juvenile court, did not have jurisdiction. The exception to the jurisdiction of the court was properly overruled.

[1-4] Article 118 of the Constitution provides in section 2, in so far as this case is concerned, that:

"Each district court outside of the parish of Orleans, when in session under the provisions of this act, shall be known, for convenience, as the juvenile court," etc.

And section 3 provides, in part, as follows:

"The juvenile court in the parish of Orleans, and the district courts outside of said parish, sitting as juvenile courts, shall have jurisdiction, except for capital crimes, of the trial of all children under seventeen years of age, who may be charged in said courts as neglected or delinquent children. * * * The term 'delinquent' child shall mean a child seventeen years of age and under, * * * who * * * violates any law of the state, or any ordinance of any village, town, city, or parish of the state."

The juvenile courts therefore have jurisdiction "of the trial of all children under seventeen years of age." As defendant was more than 17 years of age at the time of his trial, the juvenile court did not have jurisdiction; and the district court had "unlimited and exclusive original jurisdiction in all cases, except such as may be vested in the other courts authorized by this Constitution."

[5] The case of an offender over 17 years of age is not an exception, and the district court therefore had jurisdiction of this case.

Defendant was both charged and tried after having attained the age of 17 years, and the only court with jurisdiction was the district court in which he was charged and tried.

In the case of State v. Lanassa, 125 La. 687, 51 South. 688, it was held that the juvenile court was without jurisdiction to try boys who had attained 17 years of age, and were under 18.

The judgment appealed from is affirmed.

O'NIELL, J., dissents.