(100 South. 788)

No. 26561.

STATE v. MALONE.

In re MALONE.

(June 2, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Infants ⬅65—Minors; act of minor, not crime, does not become so by lapse of time.**

An act of a minor constituting a mere delinquency when done cannot become a crime merely because he attains an age such that the doing of the act would constitute a crime.

**2. Infants ⬅18—Minors; district court held without jurisdiction to try for offense which when committed constituted but a delinquency.**

Under Const. 1921, art. 7, §§ 52, 53, and subsequent juvenile legislation, district court is without jurisdiction to try one for a criminal offense who at the time of its commission was less than 17 years old; the act constituting but a delinquency, though at the time of trial he was 17 years old.[1]

George Malone was arraigned and pleaded guilty to a charge of burglary and larceny committed while under 17 years of age, and he applies for writs of certiorari and prohibition to review action of district court in denying his application for writ of habeas corpus. Proceedings of district court annulled, set aside, and quashed, and relator discharged.

Scheen & Blanchard, of Shreveport, for relator.

L. C. Blanchard, Dist. Atty., of Shreveport, for the State.

By the Whole Court.

ST. PAUL, J. Relator was born on April 6, 1906. On the night of March 12, 1923 (being therefore under the age of 17 years at the time), he broke into the residence of one W. E. Brown, at Shreveport, and stole therefrom certain household goods of the alleged value of $1,300.

On October 24, 1923 (being then *over* the age of 17 years), he was charged before the district court of Caddo parish with burglary *and* larceny. And on the same day he was arraigned and pleaded guilty. On November 7th he was sentenced to the state penitentiary.

On December 1st he applied to the respondent for a writ of habeas corpus, setting up the want of jurisdiction over him of the district court aforesaid. The writ issued,

---

[1] State v. Ebarbo, 143 La. 591, 78 South. 973, overruled.

but relator was denied relief on the ground that in State v. Ebarbo, 143 La. 591, 78 South. 973, this court had held that—

"A person over 17 years of age must be charged and tried in the *district court,* although at the time of the commission of the offense he may have been under 17 years of age."

Wherefore relator applies to this court for relief.

### I.

Our learned brother of the district court was, of course, justified in following that case; but it behooves *this* court to correct its own error, especially when the error is such as (in effect) *creates an offense* where the law has said *there shall be no offense.*

The Ebarbo Case proceeds on the theory (as shown by the body of the opinion) that juveniles who violate a law of the state thereby incur the penalty fixed by that law; that the *essence* of the juvenile legislation of the state is simply to provide a separate tribunal fitted to the age of such offenders at the time of their trial, having authority (and being directed) to moderate such penalties, when the juvenile (being still a juvenile) is brought before it.

But this is fundamentally erroneous. The juvenile legislation of the state began with an amendment to the Constitution of 1898, afterwards incorporated in the Constitution of 1913 as article 118 thereof. Afterwards came sections 52 and 53 of article 7 of the Constitution of 1921, pages 53 and 54. This was followed by Act 126 of 1921 (page 317) affecting the parish of Orleans alone; Act 83 of 1921 (page 128) affecting all parishes other than Orleans and Caddo; and Act 119 of 1922 (page 244) affecting only Caddo parish.

All this legislation is of the same general tenor, and to the same general effect, to wit, that outside of capital offenses (and one other) the juvenile or child under 17 years, who (inter alia) "violates any law of the state, or ordinance of any village, town, city or parish," simply becomes a *delinquent child* and subject to the jurisdiction of the juvenile court;" that—

" * * * The court, in cases where the delinquency charged would, in an adult, amount to a crime punishable at hard labor, may commit said child to the State Training Institute. * * * Said commitment (to be) for an indefinite period but in no case beyond the minority of said child; * * * and the court shall * * * discharge such child whenever, in the court's judgment its reformation is complete. * * *"

It is therefore clear that what, *in an adult,* *would be a crime* and punishable as such, yet when done by a juvenile is a mere *delinquency* and punishable *not* as in the case of an adult, but in the manner above pointed out.

[1] But that which was not a crime when done, cannot afterwards become a crime by the mere lapse of time, any more than it can be made a crime by ex post facto legislation.

"Nothing is a crime which is not clearly and unmistakably made a crime." State v. Gardner, 151 La. 874, 92 South. 368; citing State v. Breffeihl, 130 La. 905, 58 South. 763, 40 L. R. A. (N. S.) 535, and authorities there cited.

Hence the same act which constituted mere delinquency when done, cannot ripen into a crime merely because the child has since become a man.

[2] It follows therefore that there was no crime committed of which the district court had jurisdiction. Cf. State v. Bridges, 149 La. 844, 90 South. 217.

### II.

On the other hand, relator, having violated a law of this state when under 17 years of age, thereby became a delinquent child and subject to commitment by the juvenile court until his majority or *complete reformation.*

The accidental arrival of the seventeenth anniversary of his birthday before his trial no more operated to deprive that court of jurisdiction over him than it operated to magnify his offense and subject him to the jurisdiction of the district court. The delinquent child is not to be *punished*, but he is nonetheless to be *reformed;* and that reformation is to be under the eye of the juvenile court.

Hence we conclude that the jurisdiction of the juvenile court is to be tested by the age of the child at the time of the commission of the offense and not by his age at the time of the trial.

The case of State v. Ebardo is therefore overruled on all points; and

### Decree

It is therefore ordered that all proceedings against relator in the district court of Caddo parish be annulled, set aside and quashed.; and that relator be discharged from the custody of the sheriff of said parish; subject, however, to any proceedings which may be instituted against him in the juvenile court of said parish.