THOMPSON, J.
 

 The two appellants, Curious James and Joseph Perry, together with one Clarence Duckett, were prosecuted under an information filed by the district attorney for the larceny of an automobile.-
 

 All three of the parties charged, after arraignment and before trial, filed a plea to the jurisdiction of the court on the ground that they were each under the age of 17 years and could not be prosecuted or held criminally responsible before the district court and could only be proceeded againsf in the juvenile court.
 

 The defendant Joseph Perry alleged that he was IS years old. Clarence Duckett alleged that he was 15 years old, and Curious James alleged that he was 16 years old.
 

 . On the trial of the jurisdictional pleas, the court after hearing all of the evidence, sustained the plea as to Clarence Duckett, but overruled the same as to the other two defendants.
 

 These two were tried, convicted, and sentenced to serve a term in the penitentiary.
 

 A bill of exception was duly reserved to the action of the court in overruling the pleas to jurisdiction and all of the evidence on that issue was attached to said bill.
 

 The age of the two appellants presents the sole issue we are called upon to determine on this appeal.
 

 In the case of State v. Malone, 100 So. 788, 156 La. 618, we gave a history of the juvenile legislation in this state beginning with the amendment to the Constitution of 1898 and ending with Act 83 of Ex. Sess.- 1921; the last-named act affecting the state at large outside of the parishes of Orleans and Caddo.
 

 Suffice it to say here that under the legislation referred to no person who has not arrived at the age of 17 years complete when such person commits a crime (other than the excepted ones) can be prosecuted or punished, but must be proceeded against before the juvenile court in the manner pointed out by the legislation referred to.
 

 The counsel in oral argument and in brief have discussed the question of the burden of proof in cases of this character.
 

 Section 7 of Act 83 of 1921 provides:
 

 “When * * * said child is alleged to be under any given age and shall appear to the court to be under that age, such child shall be presumed under that age, unless the contrary be proved.”
 

 It is contended that the word “or” should be substituted for the word “and” in the above-quoted section, so as to make the sec
 
 *923
 
 tionread that, when it is alleged that a child is under any given age or shall appear to the court to be under that age, such child shall he presumed under that age.
 

 We think that the language used is clear and unambiguous and it is not necessary to change or substitute any word. To adopt the contention of counsel, the presumption that the child was under the given age would be created on the mere allegation of such fact, and this whether the appearance of the child so indicated or not.
 

 This was clearly not the intention of the Legislature.
 

 Our opinion is that, where it is alleged that the child is under 17 and appears.so to be to the presiding judge, then the presumption is in favor of the age alleged and it is incumbent on the state to rebut that presumption; but, where the allegation as to under age is made, but the judge, from the appearance of the child, is of the opinion that the child is over the age of 17, then it devolves upon the party claiming to be under the given age to prove it.
 

 We think, however, that a liberal application of this statute should be made in favor of a child so alleged to be under the statutory age where there is a narrow margin between the age claimed and that at which a child may be held to answer a criminal charge.
 

 In other words, the testimony should be clear and convincing that the person charged is over 17 before he is put on trial for such offense.
 

 In cases where there is a serious and substantial doubt arising from the evidence on the question of age that doubt should be solved in favor of the child.
 

 And we say this for the reason that the law is imperative that no person under the age of 17 shall be held to answer, put on trial, prosecuted, or punished for any crime (murder and one other excepted) where such person is under the age of 17 at the time such crime was alleged to have been committed.
 

 We have carefully examined the record and are of the opinion that the evidence sufficiently establishes that the two defendants were under 17 at the time it is alleged they committed the larceny.
 

 As to Curious James, the mother and father both testify that he was born on December the
 
 9th, 1909,
 
 and their testimony is corroborated to some extent by an uncle and some of the neighbors. The mother testified that she made a record showing the date of the birth of her children including that of Curious James at the time of their respective births and that she kept this record untii one of the children got hold of the book and tore the back off of it.
 

 That she then caused the names an¿ date of birth of her children to be transcribed by one of her sons in another book which she produced on the trial of the plea to the jurisdiction.
 

 As to- Joseph Perry, the evidence is not so clear and positive.
 

 His father was dead and the mental condition of his mother was such that she could not be brought to court to testify.
 

 However, the best evidence available under the circumstances was produced, being that of the neighbors who had resided near, and who had known him since he was born, and some of them had known him since he was about 3 years old. The state offered no evidence to rebut that given on the part of the defendants and there is nothing in the record to impeach the witnesses who testified for the defendants.
 

 The trial judge seems to have had some doubt as to the proof of age and based his decision on the appearance of the two defendants. He says:
 

 “In arriving at a conclusion the court was therefore influenced more by the general appearance of the accused than by the testimony of the witnesses.”
 

 
 *925
 
 There can be no doubt that the appearance of a person is a circumstance which should be given due consideration in determining his age in a case like the present one, still we are of the opinion that such a fact should not be permitted to outweigh or overcome positive testimony and facts and circumstances which show the party to be under the given age.
 

 Our conclusion is that the evidence in the record sustains the pleas filed by the defendants and that they were improperly put on trial and convicted.
 

 The conviction and sentence are set aside, and the defendants discharged from custody, subject however to any proceedings which may be instituted against them in the juvenile court.