ROGERS, J. '
 

 The defendant, Frank Grayson, was convicted and sentenced for the crime of burglary, and has appealed.
 

 The record contains thirteen bills of exception, ten of which involve the right of the state to prosecute the defendant in the district court instead of in the-juvenile court; defendant alleging that he is under the age of seventeen years. •
 

 Defendant tendered the issue of his juvenility vel non at various stages of his trial. He pleaded to the jurisdiction of the court; moved to quash the indictment; objected to being forced to trial; objected to the jury being drawn and sworn; objected to the competency of the witnesses; and, finally, demanded that the issue be determined by the jury.
 

 Defendant’s plea to the jurisdiction was, in effect, a motion to have himself adjudged a juvenile and to have his case transferred to the juvenile court. Testimony was heard on the motion, but was not reduced to writing; defendant not having asked this to be done. When defendant filed a written objection against being forced to trial, on the ground that he was a juvenile, he also requested that testimony in support of his objection be heard and reduced to writing. The trial judge overruled the objection, and de
 
 *114
 
 dined the request, for the reason that he had already passed on the question of defendant’s juvenility. Later, when defendant attempted to have this question submitted to the jury, counsel for the state interposed an objection, which was sustained. But the trial judge, upon defendant’s request, permitted the testimony to be heard and taken down, out of the presence of the jury, so as to serve as a basis for defendant’s bill, which appears in the record under the No. II.
 

 The trial judge assigns as the reason for his favorable ruling on the state’s objection that the defendant’s juvenility vel non was for the court and not for the jury to determine. We do not find any error in this ruling. The juvenility of the defendant was not a fact affecting his guilt or innocence, but involved the right of the state to try him as a felon in the district court or to deal with him merely as a delinquent child in the juvenile court. Hence the issue was triable before the district judge alone; his judgment thereon being subject to review by this court.
 

 We think the trial judge, as requested, should have permitted testimony to be heard and reduced to writing on defendant’s written objection against being tried in the district court. It is true that testimony on that issue had been previously adduced but not taken down. Nevertheless, it was important to determine, preliminarily, whether defendant should be tried as a felon or dealt with as a delinquent child. If defendant was under seventeen years of age, as he contends, at the time of the commission of the offense with which he is charged, the district court was without jurisdiction ratione materise, and defendant’s conviction and sentence are illegal. Defendant could be released from imprisonment thereunder on habeas corpus. State v. Malone, 156 La. 617, 100 So. 788. The trial judge’s findings on the question of juvenility are subject to review, and the defendant, if he timely requested it, was entitled to have the testimony' on which those findings are based reduced to writing in order that the appellate court might be placed in possession of all the facts. We think defendant’s request was timely made.
 

 If it be said that all the facts bearing on the question are in the record attached to defendant’s bill of exception No. H, the answer is that the trial judge overruled the plea to the jurisdiction on the testimony heard, but not reduced to writing, at the time, and not on the testimony heard later, which was reduced to writing. In his statement per curiam attached to bill No. I, the trial judge declares that the testimony as it appears in the record differs materially from the testimony adduced on the plea to the jurisdiction.
 

 Our conclusion is that the conviction and sentence of the defendant should be set aside and the case remanded in order that the juvenility ven non of the defendant may be determined after a full hearing of the parties; the evidence adduced thereat to be reduced to writing so that the facts may be properly presented on appeal, if one be taken.
 

 For the reasons assigned, the conviction and sentence appealed from are annulled, and this ease is remanded to the district court to be further proceeded with in accordance with the views hereinabove expressed.