152 So. 315

**STATE v. WALKER.**

No. 32481.

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

Redmond & Thompson, of Monroe, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Frank W. Hawthorne, Dist. Atty., of Bastrop, and George W. Lester, Asst. Dist. Atty., of Monroe (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

ST. PAUL, Justice.

The defendant was convicted of breaking and entering in the daytime.

After conviction, but before sentence, he moved to set aside the conviction on the ground that the district court had no jurisdiction over him by reason of his being under the age of 17 years at the time the alleged offense was committed. The trial judge overruled his motion and sentenced him to three years in the penitentiary. Wherefore he appeals.

He complains that on the trial of his exception to the jurisdiction the judge admitted evidence that, on the occasion of some previous minor juvenile delinquency, the defendant admitted that his age was such as to make him more than 17 years of age at the time this present offense was committed, contrary to the provisions of section 7 of Act No. 83 of 1921 (Ex. Sess.), reading as follows: "No charges or affidavits made, evidence given or judgment rendered against any child in any Juvenile Court shall be at any time thereafter admissible against such child in any other proceedings in any other Court of the State."

The objection is not well founded. The evidence admitted was evidence on a purely collateral matter and did not touch upon the alleged prior delinquency; and hence its admission for the sole purpose of proving the age of the accused does not violate the purpose of the law which is "that the proceedings had, or pending against the child, shall not be permitted to be used to brand him as one with a criminal record." State v. Kelly, 169 La. 753, 756, 126 So. 49, 50.

But an admission by a juvenile as to his age cannot outweigh positive testimony of his mother and her sister giving the exact date of his birth and showing to be under the age of 17 years; and in our opinion the evidence of the mother is not impeached by the fact that, although she testifies that she did not see the juvenile officer on the former occasion, he testifies that she did see him and did give him the age of the juvenile at the time; for it may well be that the juvenile officer mistook the admission of the juvenile himself for the statement of his mother, and moreover the testimony of the mother is corroborated by that of her sister whose testimony is unimpeached.

### Decree.

For the reasons assigned, the conviction and sentence herein are set aside without prejudice of the right of the state to proceed against the defendant in the juvenile court.