BOGEBS, Justice.
 

 Jesse Bogers and two others were jointly charged with breaking and entering in the nighttime. Bogers was tried and convicted on the charge and duly sentenced. His codefendants, one of whom had fled, were not tried. This appeal is from his conviction and sentence.
 

 On the day the ease was called for trial, the appellant, averring that he was under seventeen years of age at the time the alleged offense was committed, filed a plea to the jurisdiction of the district court and moved that the information be quashed and that any charge against him be transferred to the juvenile court. The plea was opposed by the state and after a hearing thereon was overruled and a bill of exception reserved. On
 
 *272
 
 the trial which then ensued appellant was convicted. The trial judge states, in support of his ruling, that the appearance of 'the defendant and the evidence satisfied him that the defendant was over the age of seventeen years at the time the offense was committed. And the state argues on the authority of State v. Duckett, 160 La. 920, 107 So. 696, that the statement of the trial judge as to the appearance of the defendant imposed the burden of proof on defendant to sustain the allegations of his plea to the jurisdiction of the court, which he failed to do.
 

 We think the plea to the jurisdiction of the court should be sustained. The proof in the record satisfies us that the defendant was a juvenile on the day of the alleged offense.
 

 The offense was committed on February 15, 1934. -Mrs. James O. Rogers, the mother of the. defendant, testified that he was sixteen years old at that time; that he was born on February 12, 1918. She further testified that she is the mother of ten children, the eldest of whom is thirty-seven years old and the youngest of whom is twelve years old; that only two of her children are younger than deféndant, one fourteen years old, and the other, the youngest, twelve years old. The testimony of Mrs. Rogers was corroborated by that of her sister, Mrs. E. J. Landry, who is by profession a midwife. She testified that she attended Mrs. Rogers at the time of the birth of her son Jesse, the defendant, and that he was born in the month of February, 1918.
 

 In what we view as an unsuccessful attempt to discredit the positive testimony of the witnesses, the state produced a card obtained from the records of the school at Independence, La., apparently showing the age of a youth named Jesse Rogers, who at one time attended the. school. However, Mrs. Rogers denied that her son had ever attended the Independence School. She declared that while three of her children went to that school, Jesse was not one of them. She suggested, on cross-examination, that the entries on the card might refer to another Jesse Rogers, the son of U. O. Rogers, a cousin of her husband, who about that time lived in Tangipahoa parish and now lives at Biloxi, Miss. Both Mrs. Rogers and her sister, Mrs. Landry, testified that Jesse Rogers, the son of U. C. Rogers, was between two and three years older than the Jesse Rogers, who is the defendant in this case.
 

 The state also produced a petition filed on January 12, 1923, in suit No. 6124 of the docket of the district court for Tangipahoa parish. The plaintiff in the suit was Mrs. Rogers, defendant’s mother, and the defendant was L. H. Bowden, sheriff of the parish. Neither the petition nor a copy thereof is contained in the transcript. However, Mrs: Rogers, the petitioner, was extensively cross-examined on the allegations of the petition. We gather from her testimony and from that of the attorney who prepared the original petition that the suit was one for an injunction to prevent the sheriff from selling certain real estate in violation of the plaintiff’s homestead rights, and the names and purported ages of plaintiff’s children were set forth in the petition for the purpose of showing who were dependent upon her.
 

 The attorney who drew the petition testified that he did not remember who gave him the information as to the names and ages of
 
 *274
 
 the plaintiff’s children, but he^ incorporated the facts in the petition as they were given to him. Mrs. Rogers testified that she talked to her attorney about the case, but that if she gave him the information as to the ages of her children she didn’t remember it and that she didn’t read the petition. In explanation of this, she testified: “I was crazy enough at the time, not to know much what I was doing. I was in trouble then.”
 

 There are some minor discrepancies between the ages of some of the children as set forth in the petition and their ages as testified to in this case. But it is entirely possible that the mistakes, if made by plaintiif, were due to the nervous tension she was apparently under at the time; or they may have been made by her attorney in noting the facts for the purpose of incorporating them in the petition. Other than to show that the children were
 
 minors and
 
 dependent on plaintiff for support, the ages of the children were not important for the purposes of the case. Admittedly,' the age of Idee, one of the children, was erroneously set forth in the petition. The recitals of the petition make her appear younger than her brother Jesse, the defendant here, when, as a matter of fact, she is actually two years older than he is. As shown by the undisputed testimony in this case, Jesse’s birth took place between the births of his sisters Idee, who was born in 1916, and Gail, who was born in 1920. It is wholly possible that the attorney who prepared the petition for an injunction, either in noting the information which he received relative to the names and ages of plaintiff’s children, or in transferring the information to the petition, substituted the name and age of Idee for those of Jesse, and vice versa.
 

 For the reasons assigned, the conviction and sentence herein are annulled, the information is quashed, and the defendant Jesse Rogers is ordered discharged from custody, subject, however, to any proceeding which may be instituted against him in the juvenile court.