188 So. 737

**STATE ex rel. CLAYTON v. JONES, Warden, et al.**

No. 35252.

April 3, 1939.

Rehearing Denied May 1, 1939.

Theodore Cotonio, of New Orleans, for relator.

David M. Ellison, Atty. Gen., Wade O. Martin, Jr., and Joseph A. Loret, Sp. Asst. Attys. Gen., and J. Vernon Sims, Dist. Atty., of Oak Grove, for respondent.

PONDER, Justice.

This case comes to us on the writs of certiorari and habeas corpus.

The defendant, Etta Longshaw, was charged under a bill of information in the Parish of Franklin with manslaughter, on October 22, 1937. The record shows that the defendant pleaded guilty to the charge and was sentenced to the State Penitentiary for a period of not less than three years or more than nine years. In the judgment and sentence the defendant was adjudged to be eighteen years of age. There is a motion in the record, filed by counsel on behalf of the defendant of date November 18, 1937, wherein it was moved to set aside the sentence on the grounds the defendant was under seventeen years of age and the District Court of the Parish of Franklin was without jurisdiction. In this motion it was alleged that the defendant was being illegally detained. The minutes of the court show that the motion was overruled and a bill was reserved to the ruling of the court. On November 18, 1937, the defendant, through her counsel, instituted habeas corpus proceedings in the District Court of the Parish of Franklin,

seeking to have the defendant released from custody on the grounds that the judgment and sentence were null, for the reason that she was under seventeen years of age, and the court was without jurisdiction to sentence her. The minutes of the court show that on that same day the matter was heard and decided adversely to the defendant. On December 15, 1938, counsel for the defendant, other than the counsel who instituted the first proceedings, instituted habeas corpus proceedings in the District Court of the Parish of East Baton Rouge, seeking to have the defendant discharged and released from the Penitentiary, on the ground that the judgment and sentence were absolutely null and void because the court that sentenced the defendant was without jurisdiction to sentence her, she being under the age of seventeen years. There was a plea of res judicata and answer filed by the General Manager and the Warden of the Penitentiary. Upon trial the lower court sustained the plea of res judicata and held to the effect that even though the plea of res judicata was not well taken the situation would not have been altered because the testimony in the case fails to show that the defendant was under the age of seventeen years when the crime was committed. Application was made to this court for the writs of habeas corpus and certiorari which were granted and a rule nisi issued which is now submitted for our determination.

The testimony shows that the grandmother of the defendant and a half-sister of the defendant testified that the defendant was born on February 22, 1922.

There is in the record a certificate of baptism showing that Etta Laetittia Clarke was born on February 22, 1922, at Baltimore, Maryland. The defendant, her grandmother, and her half-sister testified that she was the party referred to in the certificate and that her name was erroneously given as Clarke, which was the name of the defendant's godfather. There is a telegram in the record from the principal of the Hoffman High School in New Orleans to the effect that Etta Longshaw was born February 22, 1922, and enrolled in the Hoffman High School on September 14, 1936. There is a letter in the record purporting to come from St. Elizabeth Convent signed by Mother M. Felicitas, Principal, to the effect that Etta Lettia Longshaw was born February 22, 1922, entered the St. Elizabeth school on September 30, 1930, received her first holy communion April 19, 1931, and left the school January 27, 1932. The only testimony offered on behalf of the authorities of the Penitentiary as to the defendant's age was that of the Sheriff, District Attorney, and Coroner, who testified to the effect that the defendant admitted to them that she was eighteen years of age at the time of the commission of the offense.

In the case of State v. Walker, 178 La. 635, 152 So. 315, this court held to the effect that the admission by a juvenile as to his age cannot outweigh positive testimony of his mother and sister giving the date of his birth showing him to be under the age of seventeen years. Another case directly in point with this one was only recently decided by this court, State v. Connally, 190 La. 175, 182 So. 318, wherein the circumstances were similar and the court cited with approval the case of State v. Walker, supra, State v. Bennett, 181 La. 269, 159 So. 385; and State v. Duckett, 160 La. 920, 107 So. 696. This court in State v. Connally, supra, stated that in a case where there was a serious and substantial doubt arising from the evidence on the question of age that such doubt should be resolved in favor of the child.

■ The sentence being void because the District Court was without jurisdiction to try and sentence the defendant, the fact that the defendant might have secured relief at a time in the past cannot bar release on habeas corpus. In the case of State v. Grayson, 170 La. 111, 127 So. 382, it is stated to the effect that if the defendant is under seventeen years of age, as contended, the district court was without jurisdiction ratione materiae and the defendant's conviction and sentence are illegal. The defendant could be released from imprisonment thereunder on habeas corpus, citing with approval State v. Malone, 156 La. 617, 100 So. 788.

■ In the case of State v. Rose, 125 La. 1080, at page 1086, 52 So. 165, at page 167, the following doctrine was cited with approval, viz.:

" 'The record of the court of limited jurisdiction must show, affirmatively, such facts as conter jurisdiction, and, generally, no presumption is indulged in favor thereof.' " Cyc. vol. 12, p. 228.

" 'The objection that a court has no jurisdiction of the subject-matter is not

waived by plea, or going to trial, and may be raised on motion in arrest of judgment, on appeal, or by petition for writ of habeas corpus.' " Id., p. 229.

For the reasons assigned it is ordered that all proceedings against the defendant in the District Court for the Parish of Franklin be annulled, set aside and quashed and the defendant is ordered released from custody subject, however, to any proceedings which may be 'instituted against her in the Juvenile Court of Franklin Parish.

HIGGINS, J., absent.