ROGERS, Justice.
 

 The relator, William Rhule McDonald, generally known as Billy McDonald, was prosecuted as a delinquent child in the Juvenile Court for the Parish of Caddo. After a plea attacking the constitutionality of 'Act 30 of 1924 creating the court and a motion to recuse the judge were overruled, the case was heard on the merits. The judge held that the defendant was a delinquent child and ordered him committed for an indefinite period to the Louisiana Training Institute at Monroe. An oral motion for a suspensive appeal to this Court was made on behalf of the defendant. The judge granted an appeal but' refused to make it suspensive, and he ordered that the juvenile be held in the custody of the chief probation officer pending his transfer to the Louisiana Training Institute. The juvenile and his grandfather, who has had the actual custody of the juvenile for a number of years, applied to this Court for writs of mandamus and prohibition to compel the judge to grant a suspensive appeal. After considering the relators’ petition, the court issued a rule to show cause, accompanied with a stay order, directed to the judge of the Juvenile Court, and the juvenile was released pending the final disposition of the proceeding. ^
 

 The sole question now before the Court is whether the judge of the Juvenile Court was right in refusing to grant a suspensive appeal from his judgment condemning the juvenile as a delinquent child and committing him to the Louisiana Training Institute at Monroe, which is a correctional and not a penal institution created and maintained under the provisions of Act 127 of 1942.
 

 In his return to the rule nisi, the respondent judge admits that appeals in all criminal cases from the Juvenile Court and other courts in the State shall be suspensive but denies that the juvenile, Billy McDonald, has been charged with any criminal offense, or that he has been convicted and sentenced for any such offense. He denies .that the Constitution and Statutes of this State grant the absolute right
 
 *735
 
 of suspensive appeal to a juvenile from an adjudication of juvenile delinquency, but admits that the judge in his discretion may grant the right of suspensive appeal in any proper case.
 

 Appeals from judgments of juvenile courts outside the Parish of Orleans are governed by a special provision of the Constitution. Section 54 of Article
 
 7
 
 of the Constitution of 1921 reads as follows: “Appeals from said courts (Juvenile Courts), other than the parish of Orleans, shall be allowed upon matters of law only, and shall be to the Supreme Court.”
 

 The Juvenile Court for the Parish of Caddo was created by Act 30 of 1924, section
 
 7
 
 of which reads as follows: “Appeals from the said Juvenile Court for the Parish of Caddo shall be allowed upon matters of law only and shall be to the Supreme Court.”
 

 The judge argues that the article of the Constitution and provision of the statute establishing the procedure of the Juvenile Court for the Parish of. Caddo having failed to set forth whether such appeals shall be suspensive can not be enlarged by implication but clearly leaves the matter of .suspending the execution of the judgment pending appeal to the discretion of the. court.
 

 Under the provisions of sections 52 and 53 of the Constitution of 1921, art. 7, and Act 30 of 1924, the Juvenile Court for the Parish of Caddo is vested with jurisdiction of neglected or delinquent children and all persons charged with contributing to the neglect or delinquency of such children. Section 54, art. 7, of the Constitution and section 7 of the statute allows appeals from the Juvenile Court to this Court only on matters of law without limiting or defining the cases that are appealable. It was so held on rehearing in State v. Trapp, 140 La. 425, 73 So. 255, construing a similar provision contained in section 1 of article 118 of the Constitution of 1913. Hence a judgment of the Juvenile Court for the Parish of Caddo, condemning a juvenile as a neglected or delinquent child and committing him to the Louisiana Training Institute, is appealable to this Court, but only on matters of law. Whether the effect of the appeal is to suspend the execution of the judgment is the question presented for decision in this case. The relators assert the question must be answered in the affirmative. But in the brief on their behalf we are not referred to any authority in support of their proposition. They base their proposition solely on the argument that the constitutional and statutory provisions providing for appeals to this Court from the Juvenile Court are not restrictive in language and hence they carry with them “by every rule of fair construction, judicial interpretation and precedent the right of' suspensive appeal.” They argue that since neither section 54 of article 7 of the Constitution, nor Act 30 of 1924 providing for appeals from the Juvenile Court for the Parish of Caddo, do not contain the clause “shall not suspend the judgment of said court,” which appears in section 96 of article 7 of the Constitution and section 2 of Act 126 of 1921, Ex.Sess., governing
 
 *737
 
 appeals from the Juvenile Court for the Parish of Orleans, the implication is that it was not the intention of the framers of the Constitution nor the members of the Legislature that the right of suspensive appeal from the judgment of the Juvenile Court of the Parish of Caddo, or any other parish outside the Parish of Orleans, should be denied to anyone prosecuted in those courts. They further argue that since persons charged with criminal offenses are in certain cases permitted to appeal suspensively from a judgment of conviction in the juvenile court, the right of suspensive appeal should not be denied a juvenile who has been adjudicated and sentenced as a neglected or delinquent child in those courts.
 

 We can not concur in relators’ views of the case. The fact that adults, who are convicted and sentenced in the juvenile court for offenses involving juveniles, are entitled to appeal suspensively to this Court is not sufficient to confer the right of suspensive appeal on a juvenile or his parent or guardian where the juvenile is found to be a neglected or delinquent child and is committed as such to the Louisiana Training Institute. An adult convicted of contributing.to the neglect or delinquency of a juvenile is guilty of a criminal offense punishable by fine or imprisonment or both and is therefore entitled to a suspensive appeal under article 539 of the Code of Criminal Procedure. On the other hand, what in an adult would be a crime and punishable as such, yet, outside of a capital offense, when committed by a juvenile is a mere delinquency and punishable not as in the case of an adult but in the manner provided by special' laws. State v. Malone, 156 La. 617, 100 So. 788. See to the same effect State v. Dabon, 162 La. 1075, 111 So. 461; State v. Grayson, 170 La. 111, 120 So. 382; State v. Connally, 190 La. 175, 182 So. 318. Thus, section 2 of Act 127 of 1942, creating the Louisiana Training Institute, authorizes the several judges of the juvenile courts, of the State to commit to the Institute for an indefinite period, but in no case beyond his majority, any delinquent or neglected white male juvenile. The act further provides that the order of commitment shall not state that the juvenile is delinquent or dependent, but shall merely state that he has been adjudged a proper person for commitment and the fact that he has been committed to the Institute shall never be received in evidence by any court of this State in any proceeding affecting him.
 

 Because the framers of the Constitution and members of the Legislature expressly provided in section 96 of article 7 of the Constitution and Act 126 óf 1921, Ex.Sess., that appeals from the Juvenile Court for the Parish of Orleans should not suspend the judgment of the court is no reason why the provisions of section 54 of article 7 of the Constitution and Act 30 of 1924 should be construed so as to permit appeals from the Juvenile Court for the Parish of Caddo to suspend the judgment of that court.
 

 Under the provisions of section 54 of article 7 of the Constitution and Act 30 of 1924, appeals from the Juvenile Court
 
 *739
 
 for the Parish of Caddo are allowed to this Court, but only on matters of law. Neither the constitutional article nor the statutory provision sets forth that such an appeal shall suspend the execution of the judgment of the juvenile court, and not having so provided they can not be enlarged by implication to have that effect.
 

 The general rule is that the matter of supersedeas and stay of proceedings below on appeal or writ of error is in most jurisdictions, if not in all, the subject of express statutory provision, and the general rule now is that a supersedeas or stay can be had as a matter of right only where it is provided by statute, and on strict compliance with the terms and conditions prescribed by the statute. 4 C.J.S., Appeal and Error, § 629, p. 1110.
 

 In State v. Clark, 186 La. 655, 173 So. 137, it was held that where the constitutional provision is plain and unambiguous, construction is excluded, and no search for purpose and intention can be initiated by the courts; that in construing the Constitution, courts are not concerned with the argument of inconvenience or injustice, it being their duty to simply declare what the Constitution provides; that the right of appeal is a matter of legislative discretion, and in the absence of a statute so providing, there is no appeal from a judgment.
 

 The rule governing appeals from juvenile courts is stated in American Jurisprudence, vol. 31, § 44, p. 808, under the title “Juvenile Courts and Offenders,” as follows:
 

 “The statutes in many jurisdictions make provision for appeals from decisions of the juvenile court. Where no such provision exists the tendency of the authorities is to hold that no appeal lies, generally on the ground that the procedure is purely statutory and that the right to an appeal is therefore not to be implied. Furthermore, failure to make provision for an appeal in a statute providing for the commitment, by juvenile courts, of delinquent and incorrigible children to a state institution, does not deny due process of law. The right of appeal is not a constitutional right, and it is wholly within the power of the legislature to grant or deny it in either civil or criminal cases. * * * ”
 

 The article of the Constitution and the provision of the statute prescribing the procedure to be followed in appeals from the Juvenile Court for the Parish of Caddo having failed to provide that such appeals shall be suspensive, the right to such an appeal can not be implied.
 

 This Court has held that judgments involving the custody of children are subject to appeal but that the party aggrieved by such a judgment is not entitled to a suspensive appeal as a matter of right. This is because a child in such cases is regarded primarily as the ward of the court having original jurisdiction, and the orders of the court regarding the custody of the child are subj ect to amendment or rescission by the court that rendered them. Some of the cases so holding are State ex rel. Glaser v. Vickner, 157 La. 521, 102 So. 593; Downey v. Downey, 183 La. 424, 164 So. 160, and Wilson v. Wilson, 202 La. 520, 12 So.2d 258. While those decisions were rendered in purely civil proceedings between private parties in which the State
 
 *741
 
 was only a party in a nominal sense, we see no reason why a similar ruling should not prevail in a case initiated in the juvenile court to determine the custody of neglected or delinquent children in which, as held in Re Owen, 170 La. 255, 127 So. 619, the state is the actual complainant.
 

 It clearly would not be to the interest of a child, who has been found by a juvenile court to be neglected or delinquent because of cruel and inhuman treatment by his parent or guardian and has been committed to the Louisiana Training Institute, to be permitted to remain in the custody of such parent or guardian subject to further abuse and neglect pending the disposition of the case on a suspensive appeal, unless the law has expressly granted the parent or guardian such a right.
 

 For the reasons assigned, the rule nisi herein is discharged and relators’ application for writs of mandamus and prohibition is denied.