IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION

### JACKSON, APRIL TERM, 1915.

-----

W. L. PUCKETT *et ux. v.* ROBERT WYNNS *et al.*[*]

(*Jackson.* April Term, 1915.)

1. EXECUTORS AND ADMINISTRATORS. Sales. Petition for sale.

Under Shannon's Code, sec. 4000, providing that where an administrator has exhausted the personal estate in the payment of debts, leaving just debts unpaid or paid by the representative out of his own means, land belonging to deceased may be sold to satisfy such 'debts, and section 4001, providing that before decreeing such sale it shall appear that the personal estate has been exhausted in the payment of *bona fide* debts, and that the debts for which the sale is sought are justly due and owing, either to creditors or the representative, an administrator's petition for such a sale is not insufficient to give jurisdiction, where it alleges the total amount of indebtedness, although it

-----

[*]Presumption as to jurisdiction when record shows defence is discussed in note in 1 L. R. A. (N. S.), 740.

(513)

13²Tenn.33

does not name the creditors, nor set forth the nature and amount of each. (*Post, pp.* 518, 519.)

Code cited and construed: Secs. 4000, 4001, 4002 (S.).

2. **EXECUTORS AND ADMINISTRATORS.** Sale of land. **County court. Jurisdiction.**

Under Shannon's Code, secs. 6028, 6071, 6112, conferring concurent jurisdiction upon the chancery, circuit, and county courts to sell real estate of decedents and for distribution or partition, the county court has concurrent jurisdiction with the circuit and chancery courts of a proceeding to sell a decedent's real estate for the payment of debts due to creditors or to the representative. (*Post, pp.* 519-522.)

Cases cited and approved: Kindell v. Titus, 56 Tenn., 727; Pea v. Waggoner, 6 Tenn., 242; Starkey·v. Hammer, 60 Tenn., 441; Dulles v. Read, 14 Tenn., 53.

Code cited and construed: Secs. 6028, 6071, 6112 (S.).

3. **INFANTS.** Judgment. **Collateral attack.** Judgments impeachable.

Where the court has jurisdiction of the parties and the subject-matter of litigation upon pleadings putting in issue the matter adjudicated, the decree cannot be attacked collaterally, and is binding upon minors as well as adults. (*Post, pp.* 522, 523.)

Cases cited and approved: Wilson v. Schaefer, 107 Tenn., 330; Hurt v. Long, 90 Tenn., 445; Robertson v. Winchester, 85 Tenn., 171; Pope v. Harrison, 84 Tenn., 82.

4. **JUDGMENT.** Collateral attack. **Grounds.**

Upon collateral attack upon a judgment or decree of a court of general jurisdiction by parties or privies thereof, such judgment or decree cannot be questioned, except for want of authority over the matter adjudicated, which want of authority must appear from the record itself. (*Post, p.* 523.)

Case cited and approved: Wilkins v. McCorkle, 112 Tenn., 707.

5. **JUDGMENT.** Collateral attack. **Presumption of jurisdiction.**

On collateral attack on a judgment or decree, it is conclusively presumed, in the absence of a contrary showing on the record,

Puckett v. Wynns.

that the court had power to determine the question involved, and the evidence on which the court acted cannot be considered. (*Post, p.* 523.)

6. **EXECUTORS AND ADMINISTRATORS.** Sale of land. Sufficiency of complaint.

Where the petition for an administrator's sale did not set out the individual debts and the names of the creditors, the insufficiency was waived by failure to make objection. (*Post, pp.* 523, 524.)

7. **EXECUTORS AND ADMINISTRATORS.** Sales. Preliminaries.

Failure to make a report to the clerk of the court of an administrator's sale to pay debts did not invalidate the sale, since it must be assumed that the court had necessary proofs to establish the facts set forth in the decree of sale. (*Post, pp.* 524, 525.)

Case cited and approved: Bloom v. Cate, 75 Tenn., 471.

8. **EXECUTORS AND ADMINISTRATORS.** Sales. Preliminaries.

That the administator, petitioning for leave to sell land to pay debts, made no inventory of the estate and no publication for creditors, none of whom were joined, did not invalidate the decree, since such matters were not essential thereto. (*Post, pp.* 525, 526.)

Code cited and construed: Secs. 4067, 4068, 4078 (S.).

---

FROM HENRY.

---

Appeal from the Chancery Court of Henry County. —J. W. Ross, Chancellor.

Taylor & Hudson, for appellants.

Lamb & Fitzhugh, for appellees.

Mr. Justice Fancher delivered the opinion of the Court.

The bill in this case was filed by Mrs. Puckett, an heir of Jesse W. Darnell, deceased, attacking as void, and seeking to set aside, a sale of real estate had by decree of the county court of Henry county under a petition filed September 14, 1887, by the administrator of said Jesse W. Darnell—the petition averring that no personal property had come into his hands as administrator, and that there was no personal property belonging to said estate subject to sale for the payment of debts; that he had suggested the insolvency of said estate in due form of law, and publication had been made for creditors to file claims, and that there are now claims on file against said estate amounting, without interest, to $485; that it would be necessary to sell the real estate, a fifty-acre tract, and the remainder interest in the dower and homestead tract, for the purpose of paying debts and expenses of administration.

The bill in the present case avers that the administrator made no inventory of the estate, made no publication for creditors, and none were made parties defendant; that no account was taken by the clerk of the court; that it was not determined that the personalty had been exhausted in course of administration; that no evidence was taken in the cause, and it was not pretended to ascertain the nature and justness of any debts, if any.

Puckett v. Wynns.

It is averred that upon the unsupported allegations in the petition for sale of these lands, with *pro confesso* as to adults, and answer of guardian *ad litem* for complainant, Mrs. M. C. Puckett, a sale of said land was had November 5, 1887, for an inadequate price; that after the sale a list of claims were made out by the clerk, unsupported by any proof, and a *pro rata* made, but the nature and justness of the indebtedness did not appear.

This bill was filed against the present owners of the land, who claim under conveyances deraigning title under this sale, and seeks to recover complainant's interest.

The complainant filed the record in the county court proceeding as an exhibit, which shows the petition, subpoena to answer, order appointing guardian *ad litem* and his answer, sworn to October 6, 1887, order of sale, dated October 8, 1887, report of sale, made November 5, 1887, and order confirming sale November 10, 1887.

The order of sale recites that the cause was heard on the petition, exhibits, *pro confessor* order, answer of guardian *ad litem,* and record in the case of Mrs. A. M. Darnell, petition for dower and homestead, and administrator's report of no personal assets, which are considered as filed; that it appeared to the court that the personal estate of Jesse W. Darnell had been suggested, and was in fact, insolvent, there being no personal property liable to sale for the payment of debts, and that there were then due and unpaid valid outstanding debts now on file against said estate amount-

ing to about the sum of $500; that the only property available for the payment of debts is the remainder interest in the dower of 153 acres, and the fifty acres (which tracts are described)—ordering these lands sold for one-half cash and balance on credit of six months; that the clerk and commissioner should first offer the fifty-acre tract, and, if that should fail to bring enough to pay all debts and costs, he should then offer for sale the remainder interest in the dower and homestead.

The report of sale shows the sale first of the fifty acres at $363.70, and, that being insufficient to pay the debts and costs, he next sold the remainder interest in the dower and homestead for $329.

Thereupon the sales were confirmed by the court.

We deem one question as the controlling one, namely:

Did the county court have jurisdiction under the petition to sell, and was the sale a valid one under the facts herein stated?

The statutes of 1827 (chapter 54) and of 1831 (chapter 22, Shannon's Code, secs. 4000, 4001, 4002), constitute authority to sell real estate of a decedent to pay debts. These sections, as compiled by Shannon, are as follows:

Section 4000: ''Where an executor not authorized by will to sell and convey real estate, or an administrator, has exhausted the personal estate of the deceased in the payment of his debts, leaving just debts or demands against him unpaid, or paid by the representative out of his own means, and the deceased died seized and possessed of real estate, the chancery or circuit

court of the district or county where the same or a portion of it lies, may, on the petition of the representative, or any *bona fide* creditor whose debt remains unpaid, decree the sale of such lands, or of such portions thereof as may prove least injurious to the heirs and legal representatives, and as may be sufficient to satisfy the debts or demands set forth, in the bill or petition, and shown to exist."

Section 4001: "But, before making such decree, it shall be made to appear to the satisfaction of the court that the personal estate has been exhausted in the payment of *bona fide* debts, and that the debts or demands for which the sale is sought are justly due and owing either to creditors or to the representative for advances out of his own means to pay just demands against the estate."

Section 4002: "Suits prosecuted under the last two sections shall be conducted as other suits in equity."

The county courts have concurrent jurisdiction with the circuit and chancery courts in such actions. Shannon's Code, secs. 6028, 6071, 6112; *Kindell* v. *Titus,* 9 Heisk., 727.

In *Kindell* v. *Titus,* 9 Heisk., 729, it was held that the jurisdiction to sell real estate under the act of 1827 is special and limited—statutory alone—and its boundaries must be ascertained by the statute itself, and a substantial conformity to the statute must be exacted. It was held that the court cannot look to the proofs in the record of the original proceeding, seeking to attack the validity of a decree for sale of

land collaterally, but can look to the pleadings to see whether they allege sufficient ground on which the jurisdiction of the court to make the sale can stand, and at the face of the decree to see whether upon the facts assumed to appear by the court, the court was authorized to make the decree for sale. Judge Freeman, in this opinion, remarks on the plainness of the act of 1827, and its apparently easy construction, yet that it had given birth to some apparently diverse decisions, growing mainly out of an effort on the part of our courts to meet the supposed exigencies of what are known as "hard cases;" that whenever an effort has been made to strain the construction of a plain statute or constitutional provision, the result almost inevitably is to make a set of hard precedents, which embarrass the courts in their future action.

In some of the cases on this subject it has been held that the debts should be specially set out, naming each creditor and the nature of the debt, and this should be established by proof, or the proceeding would be void. This holding arose in view of the requirement of the statute providing that only so much of the land should be sold as would "satisfy the debts or demands set forth in the bill or petition, and shown to exist." It was considered that the proceeding was a limited, statutory action, and all the requirements of the statute should exist in order to give jurisdiction and authority to make the sale.

It would seem that the statute did at least imply that each debt or demand should be set forth in the plead-

Puckett v. Wynns.

ing and proven as charged. But the court will not confuse the question as to void proceedings and those that may be merely erroneous.

It was held at a very early day, where the administrator had paid debts for the estate and sought recovery and to have land sold because of insufficiency of personalty, that an averment of debts generally, without specifying, was sufficient, for, should the answer deny them, the complainant would be called upon to state and prove them severally to the satisfaction of the court. *Pea* v. *Waggoner*, 5 Hayw., 242.

This is undoubtedly a sound statement of the law of pleading. Why should a proceeding be held absolutely void because the petition did not specify each particular debt? They were subject to proof, without a several statement as to each debt. The debts should be set forth; but, if the total amount is stated, it would be highly technical to hold that, though the defendants made no objection to the pleading, a sale thirty years afterward can now be uprooted and purchasers of the property at this late date turned out.

In *Starkey* v. *Hammer*, 1 Baxt., 441, the former holdings to the contrary were disregarded, and an averment that there remained $200 or $300 of debts unpaid, was held sufficient in a collateral attack on the proceeding.

One of the earliest cases, and a leading one in the State on this question, is *Dulles* v. *Read*, 6 Yerg., 53, in which it was held that the act of 1827, though not a repeal of an act of 1784, was intended to remedy the

evils which existed in the mode of proceeding against real estate under that act, one of which was a multiplicity of suits against the estate, and that the object of the act of 1827 was to bring all creditors before the court in one suit, and have the claims all adjudicated there, and protect the real estate for the benefit of all, instead of its exhaustion by the first getting a judgment.

Judge Green thought that all creditors should come or be brought in for this purpose. It was argued in that case that the act restricts the payment of debts out of the proceeds of the land to such debts as are "shown to exist in the bill," and that creditors not shown to exist in the bill were excluded. To this the court replied that this construction "sticks too close to the letter" of the statute, and that all debts, as in the course of the investigation which originated in the bill may be shown to exist, shall be included.

The modern authorities go far to sustain the decrees of courts of competent jurisdiction on collateral attacks, and rightly so. The ordinary mind puts great trust in sales of property made through the agency of the courts. Where the court has jurisdiction of the parties and the subject-matter of litigation upon pleadings putting in issue the matter adjudicated, the decree cannot be attacked collaterally, and such a decree is equally binding upon minors as adults. *Wilson* v. *Schaefer,* 107 Tenn., 330, 64 S. W., 208; *Hurt* v. *Long,* 90 Tenn., 445, 16 S. W., 968; *Robertson* v. *Winchester,* 85 Tenn., 171, 1 S. W., 781; *Pope* v. *Harrison,* 16 Lea,

82. In *Pope* v. *Harrison* it was held that, in a collateral attack upon the proceedings of a court of general jurisdiction, it is not necessary that the jurisdictional facts should affirmatively appear upon the face of the record; it is sufficient if the record, with its legal intendments and presumptions, shows these facts. Long lapses of time greatly strengthen the presumptions in favor of the validity of such court proceedings.

Upon collateral attack on a judgment or decree of a court of general jurisdiction by parties or privies thereto, the rule is that such judgment or decree cannot be questioned, except for want of authority over the matter adjudicated upon, and the want of authority must be found in the record itself. *Wilkins* v. *McCorkle*, 112 Tenn., 707, 80 S. W., 834.

In the absence of anything in the record to impeach the right of a court to determine the question involved, there is a conclusive presumption that it had such right. The evidence on which the court acted cannot be looked to.

The proceeding now under consideration is not absolutely void. The petition does not name the creditors, nor set forth the nature and amount of each individual debt; but we think that was a matter of practice, and, as suggested by Judge Green in *Dulles* v. *Read*, the contrary view "sticks too close to the letter of the statute."

As held by Judges Overton and Whyte in *Pea* v. *Waggoner*, supra, if the answer should deny a general averment of debts against the estate, the com-

plainant would be called upon to state and prove them severally to the satisfaction of the court. Any objection to the sufficiency of the bill in this respect could be met by an amendment. Inasmuch as no objection was made by the defendants on this ground before the decree was had, it was waived.

We think, also, the view that the proceeding should be considered void because there was no report of the clerk, or ·fact set forth in the decree establishing the several debts and the names of the creditors, is too technical to follow. The court had before it the report of the administrator, and we must assume that there was also any other necessary proof to establish the facts set forth in the decree.

The court held the estate of Jesse W. Darnell had been suggested, and was in fact, insolvent, and that there was no personal property liable to· sale for the payment of debts. The court found that there were then due and unpaid valid outstanding debts then on file against said estate amounting to about the sum of $500. The court cannot look to the proofs, or lack of proofs, on this subject, in this collateral attack. If the record as it now appears on file fails to sustain the finding of the court, it will be presumed in this proceeding that there were before the court in some way sufficient proofs to warrant the decree. If the facts. appeared to the court, it would not be material whether it should be supplemented by a report of the clerk.

It was held in an opinion by Judge Cooper that a report showing the debts and assets may generally be

proper, and may be essential where the testimony was conflicting or the facts complicated, yet the omission would not even be reversible error where it would be a mere form. *Bloom* v. *Cate,* 7 Lea, 471.

The bill in the present case avers that the administrator made no inventory of the estate, and made no publication for creditors, and none were made parties defendant. These matters are not essential to the validity of the decree in this proceeding. The debts were determined by the court, and the land sold for their payment. From this there was no appeal or other proceeding for the correction of errors.

The question made that it was not determined that the personalty had been exhausted in the course of administration is met by the finding of the court that there was no personal property liable to sale for the payments of debts. This, in effect, is equivalent to the requirement of the statute. But the decrees and sale will be supported by the statutes providing for sales of realty in cases of insolvency and no personal assets. Shannon's Code, secs. 4067, 4068, 4078.

The purpose of the law to only sell so much of the real estate as is necessary to satisfy the debts or demands as set forth in the bill or petition, and shown to exist, was fully complied with; the amount of the debts being fixed and the sale had in separate tracts of only enough to pay the debts and expense of administration.

There are some opinions of our court contrary to the conclusion here reached. These cases have been fully considered.

Considering the statutes in question, and the purposes of their enactment, and assuming all facts necessary to sustain the findings and decrees of the court, though the proceeding is statutory and limited, we fail to find any essential requirement not complied with.

The decree of the chancellor, dismissing the bill on demurrer, is affirmed.