THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARVEY DAVIS, Relator, *v.* EDGAR S. JENNINGS, as Warden of the Auburn State Prison, Defendant.

County Court, Cayuga County, January 28, 1929.

*James F. Quigley,* for the relator.

*·Hamilton Ward, Attorney-General [Bernard A. Katz* and *Richard T. Anderson, Deputy Assistant Attorneys-General,* of counsel] for the People.

MOSHER, J. The petition alleges (1) that no allowance was credited for time spent in jail, which the return shows unfounded; (2) nor for time while on probation, which is untenable (*People ex rel. Schlecter* v. *Jennings*, 130 Misc. 748, 750; *People ex rel. Mark* v. *Lawes*, 131 id. 426); and (3) that relator was indicted November 9, 1920 for forgery committed October 23, 1920, when he was under sixteen years of age, and that said commitment was null and void because he was not sixteen until December 30, 1920, and the act committed by him was not a crime under section 2186 of the Penal Law, but juvenile delinquency only, for which the court had no jurisdiction to sentence him to prison.

The return shows that the relator was sentenced on January 21, 1921, by the Tioga County Court to Auburn Prison for four years minimum to eight years maximum, with allowance of five days jail time, after conviction of robbery, second degree; that sentence was then suspended and relator placed on probation, which was revoked October 16, 1922, and relator was received in Auburn Prison October 17, 1922, was twice paroled and on violation duly declared delinquent and finally held by the Parole Board for his maximum term, less compensation, making him eligible for consideration for his release November 2, 1929.

Affidavits, witnesses and records offered by the relator under section 1259 of the Civil Practice Act for the purpose of showing he was born December 30, 1904, and his imprisonment unlawful were excluded because he has been committed and is detained by virtue of the final judgment of a competent tribunal of criminal jurisdiction. (Civ. Prac. Act, § 1231.)

That judgment is conclusive as to every fact which the court was authorized to and did determine in rendering the judgment under which the prisoner is detained (*People ex rel. Kuhn* v. *P. E. House of Mercy*, 133 N. Y. 207), unless there was no jurisdiction, either of the person or of the offense, or power to pronounce the particular judgment. (*People ex rel. St. Clair* v. *Davis*, 143 App. Div. 579; *People ex rel. Smith* v. *Van De Carr*, 86 id. 9; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.)

The court had jurisdiction both of the prisoner and of the offense and power to give the judgment, and the authority and duty under section 2186 of the Penal Law to inquire into the material fact of the age of the prisoner, to ascertain if he was over sixteen and guilty of a crime, or of juvenile delinquency only because less than sixteen in order to conform its sentence to the requirement of law respecting the disposition of juvenile offenders, and it will be presumed the court had section 2186 in mind and complied with all legal requirements which formed the basis of its right and authority to impose its sen-

tence and that its procedure was based upon proper and sufficient grounds (*People ex rel. Tully* v. *Fallon*, 73 App. Div. 471), and the record affirmatively shows that on passing sentence the court inquired as to relator's age, which he then, under oath, and represented by counsel gave as seventeen years, basing the finding from relator's own sworn statement that he could not have been *under* sixteen three months previously when the offense was committed, and the record, therefore, shows the sentence regular and legal and the detention authorized. (*People ex rel. Goldstein* v. *Warden*, 120 Misc. 630; *People ex rel. Trainor* v. *Baker*, 89 N. Y. 460.)

Where the jurisdiction depends upon certain facts, and the court has passed upon those facts, its determination is conclusive until reversed or set aside (*People ex rel. Tweed* v. *Liscomb, supra; People ex rel. Marci* v. *Hanley*, 117 Misc. 455; *People* v. *Sullivan*, 120 id. 618; *People ex rel. Edwards* v. *Warden*, 37 id. 635; *People ex rel. Danziger* v. *P. E. House of Mercy*, 128 N. Y. 180) and cannot be collaterally impeached. (*People* v. *DeBellis*, 87 Misc. 459; 23 Cyc. 1088–1090; 34 id. 1008, and cases cited.)

The writ of habeas corpus is dismissed and the relator remanded. Submit order.