CANTRELL *v.* STATE.

(*Nashville*, December Term, 1949.)

Opinion filed March 17, 1950.

James R. Weems and Earl E. Leming, both of Knoxville, for plaintiff in error.

J. Malcolm Shull, Assistant Attorney General, for the State.

Mr. Justice Gailor delivered the opinion of the Court.

Defendant appeals from conviction of (1) armed robbery, and (2) being a habitual criminal, Chapter 22, Public Acts of 1939. Defendant's guilt of armed robbery

was admitted. For the offense the jury imposed the maximum term of imprisonment, 10 years. At the outset of the trial the Attorney General announced that the defendant was being put on trial in that character. The Clerk of the Criminal Court of Knox County testified without objection, that in addition to the admitted robbery committed in July 1948, the records of the Criminal Court of Knox County showed that defendant had been convicted there of the following prior offenses: housebreaking and larceny, July 10, 1939; receiving and concealing stolen property, May 20, 1942; housebreaking and larceny, February 8, 1946; and he further testified that judgment of infamy had been pronounced for each of said convictions.

After the Clerk of the Criminal Court had testified, the custodian of the records of Juvenile Court of Knox County testified that those records showed conviction of the defendant in another case of housebreaking and larceny of Juvenile Court on September 10, 1937. On cross-examination, defendant's counsel tried to bring out the age of the defendant at the time of his conviction in 1937. An objection to this testimony was sustained, but in the absence of the jury, the Custodian of the Juvenile Court was permitted to testify that according to the records of the Juvenile Court the defendant was 13 years of age on March 30, 1936. This apparently fixed the date of defendant's birth as at March 30, 1923, and apparently justified a conclusion that the defendant was less than 17 years of age at the time of his first conviction in the Criminal Court of Knox County on July 10, 1939.

The jury was charged and brought in a verdict finding the defendant guilty on the count in the indictment charging him with armed robbery in July 1948, and fixing

punishment for that offense at 10 years imprisonment, and the jury further found the defendant guilty under the habitual criminal statute, but did not fix separate punishment therefor. The statute imposes the punishment of life imprisonment, Chap. 22, Public Acts 1939.

There is some doubt whether the bill of exceptions was filed in time, but since the State does not press the point, we will not decide it. The assignments of error fail to comply with the rules of this Court, Rule 14, 185 Tenn. 886, and such assignments as undertake to assail the charge and the refusal of the Trial Judge to grant certain special requests cannot be considered here because the entire charge as given, is not before us in the bill of exceptions. *Minter* v. *State,* 145 Tenn. 678, 681, 238 S. W. 89.

The gist of the questions that defendant undertakes to present on appeal are that evidence of the age of defendant at the time of his conviction in 1937 was improperly excluded; that defendant was then 14 years of age, and that he was in his 17th year at the time of his conviction in the Criminal Court in 1939; and apparently, that on account of the jurisdiction which the Juvenile Court had acquired of the defendant by the conviction in 1937, that that Court retained under Section 10274 of the Code, exclusive jurisdiction of the defendant until his 21st birthday; and that the convictions of 1939 and 1942 being void, the defendant is not to be sentenced under the habitual criminal statute.

We find no merit in these contentions. Code Section 10274 is a part of Section 1, Chapter 58 of the Public Acts of 1911. It is carried into the Code as part of the title having to do with Juvenile Courts and their exclusive jurisdiction to declare minors under 17 years of age, "delinquent" or "dependent." Code Section

68

10274 is as follows: "Jurisdiction acquired continues till majority of child.—When jurisdiction has been acquired under the provisions of this title over the person of a child, such jurisdiction shall continue, *for the purposes of this title,* until the child shall have attained its majority." (Italics ours.)

■ When studied in relation to its context, the language "for the purposes of this title," clearly means that the Juvenile Court having adjudged a minor under 17 years of age "dependent" or "delinquent" retains exclusive jurisdiction of questions *arising under the title* until the minor attains his majority. This Court has never held, so far as we can find, that the Juvenile Court has exclusive criminal jurisdiction of a minor who has been declared "delinquent" or "dependent" after the minor has reached 17 years of age. Such a holding is not to be considered since it would be in express contravention of the express purpose of the title which is, "This title shall apply only to children who have not reached their seventeenth birthdays." Section 10269. The case of *State ex rel.* v. *Griffin,* 7 Tenn. Civ. App. 230 is not a decision of this Court, but in any event, is authority merely for the proposition that in view of the Act of 1911, Code Section 10269 et seq., the burden is upon the prosecution to know the age of the accused, and if in fact a Court other than one given exclusive jurisdiction by the statute, exercises jurisdiction over one protected by the statute, such an exercise of jurisdiction is void. In the *Griffin case, supra,* the defendant was under 16 years of age at the time of his offense.

■ Finally, if all evidence of the conviction of 1937 be excluded, the convictions of 1939, 1942, 1946 with that of 1948 warranted defendant's conviction as a habitual criminal under Chapter 22, Public Acts of 1939.

 Even if the testimony of the Juvenile Court Officer had been competent and admissible, there was no showing that on competent proof, the Juvenile Court of Knox County had adjudicated the question of the exact age of the defendant, and the judgment of the Criminal Court of Knox County finding defendant guilty of housebreaking and larceny in 1939, was in no way impeached by any evidence in this record and it, therefore, "imported absolute verity" with a conclusive presumption of jurisdiction. No error in the record of the Criminal Court of Knox County was shown or attempted to be shown.

"On collateral attack upon a judgment or decree of a court of general jurisdiction by parties or privies thereto, the rule is that such judgment or decree cannot be questioned except for want of authority over the matters adjudicated upon; and this want of authority must be found in the record itself. In the absence of anything in the record to impeach the right of such a court to determine the question involved, there is a conclusive presumption that it had such right. *Reinhardt* v. *Nealis,* 101 Tenn. 169, 172, 173, 46 S. W. 446. This rule presupposes, of course, that the court has acquired jurisdiction of the persons appearing to be parties to the cause. This fact must also be determined from the face of the record, and in conducting such examination every reasonable presumption will be indulged in favor of the jurisdiction. Robertson v. Winchester, 85 Tenn. 171, 183-186, 1 S. W. 781; *Hopper* v. *Fisher,* 39 Tenn. 253, 254." *Wilkins* v. *McCorkle,* 112 Tenn. 688, 707-708, 80 S. W. 834, 838.

All assignments of error are overruled and the judgments are affirmed.

All concur.