STATE OF TENNESSEE ex rel. JAMES D. POTTER, Petitioner,

*v.*

LYNN BOMAR, Warden, Respondent.

354 S. W. 2d 767.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

JAMES D. POTTER, petitioner, pro se.

HENRY C. FOUTCH, Assistant Attorney General, Nashville, for respondent.

MR. JUSTICE WHITE delivered the opinion of the Court.

Plaintiff in error, James D. Potter, is now confined in the Tennessee State Penitentiary under a conviction for the crime of simple robbery from the Criminal Court of Johnson County, Tennessee. He filed his petition for a writ of habeas corpus in the Criminal Court for Davidson County, Tennessee, and upon the hearing thereon, on the 27th day of January, 1961, the Court entered an order dismissing and denying the petition and allowed the defendant a period of thirty days in which to perfect an appeal to this Court. George P. Linebaugh, Jr., an attorney appointed by the Court to represent the petitioner, James D. Potter, in his hearing before the trial

court, was released from any further duty or obligation to continue to represent the petitioner, James D. Potter, he, in the opinion of the court, having fully discharged his duty to the court and to the petitioner by representing him in the trial court.

A motion to dismiss the appeal of the said James D. Potter was filed on behalf of the defendant in this Court on the grounds that (1) no assignments of error or brief in support thereof had been filed to comply with Rules 14 and 15 of this Court and (2) that said Potter had failed or neglected to file a cost bond or take the pauper's oath in lieu of executing a cost bond as required by statute. The motion was overruled in an opinion written by Mr. Justice Swepston for the Court. A petition to rehear was then filed on behalf of the defendant in error, Lynn Bomar, the Court wrote another opinion in which it was held that it was not necessary for one who is confined in the penitentiary to execute a pauper's oath or make an appeal bond in a case of this kind. T.C.A. sec. 23-1836.

The Court then held that the second ground of the motion to dismiss was not well taken. In regard to the first ground of the motion the Court held that upon consideration of Potter's confinement in the penitentiary under the judgment of conviction aforesaid and since he was not represented by counsel, the Court allowed him 15 days within which to file his assignments of error and brief; otherwise the appeal would be dismissed.

A document designated "Assignments of Error, Brief and Argument" was filed in person by James D. Potter and we shall consider this as compliance with the requirement of the opinion on the petition to rehear.

In his petition and in the assignments of error filed by James D. Potter he makes a collateral attack upon the judgment rendered against him upon his original trial by saying among other things that he was an indigent person at the time of his trial, and as such he was entitled to have a transcript of the testimony furnished him by the State in accordance with Section 40-2010, T.C.A., said section being in the following words and figures:

"APPOINTMENT OF REPORTER IN CAPITAL CASES.—Whenever any party shall be indicted and arraigned upon any indictment or presentment on which the death penalty may be inflicted and the district attorney-general in charge of the prosecution shall make it known that he intends to insist upon the infliction of capital punishment and such defendant be financially unable to employ counsel and the trial court be required to appoint counsel for such defendant, the trial judge then after making due inquiry and investigation as to the financial condition of the accused may in his discretion appoint a capable court reporter to report such trial, such court reporter to be paid the prevailing rates therefor in such community; provided that the entire amount to be paid to such reporter for any one case shall not exceed two hundred fifty dollars ($250). The sums directed to be paid to such court reporter shall be taxed as a part of the costs and payable in the same way as other costs of such prosecution."

To the petition the defendant filed an answer or response in which he sets out that the petitioner was represented by counsel of his own choice, to-wit, Edward S. Brown and O. H. Wilson, both being able and compe-

tent lawyers of the Johnson City, Tennessee Bar. The answer further recites that the attorneys representing the petitioner filed a motion for a new trial on his behalf which was overruled on the first day of July, 1960, and the petitioner was granted a period of sixty (60) days within which to prepare and file his bill of exceptions. No attempt was made by the petitioner to appeal from this final order of the Court.

The respondent also correctly sets out that "in many instances a great many criminal convictions are appealed to the Supreme Court upon a narrative bill of exceptions and the Supreme Court will review any criminal conviction without the necessity of requiring a detailed stenographic report of the trial and conviction to be made by a Court reporter". To the answer the respondent attached as exhibits (1) a copy of the indictment, (2) copy of the verdict of the jury which found the petitioner guilty of simple robbery and fixed his punishment in the State Penitentiary for not less than five and not more than ten years under the Indeterminate Sentence Law of Tennessee, (3) copy of motion for a new trial prepared and signed by the attorneys employed by the petitioner to represent him on the original trial of this case, (4) copy of the opinion of the Court, (5) copy of a letter from the district attorney general, and (6) copy of a letter written by the trial judge.

An examination of the technical record filed as exhibit to the response of the defendant shows (1) that the petitioner was not an indigent person at the time of the trial, (2) that he had sufficient funds to employ two competent and able lawyers to represent him on the original trial, and (3) that he himself employed a court reporter to

take down the testimony of all witnesses introduced on the trial of the case, and the record also shows that the petitioner made a motion for a new trial through his attorneys and upon the same being overruled there was no appeal of this final judgment to the Supreme Court for review.

 From an examination of this entire record we are unable to find any defect or errors that appear on the face of the judgment and, of course, it is well settled that the writ of habeas corpus may not be employed in a collateral attack upon final judgment in a court of general jurisdiction and having jurisdiction of the subject matter, and the party at the time of the rendition of its final judgment. The Criminal Court at Johnson City, Tennessee in a Court of general jurisdiction. In the case of *Bomar v. State ex rel. Stewart,* 201 Tenn. 480-485, 300 S.W.2d 885, the Court quoted with approval from the case of *Puckett v. Wynns,* 132 Tenn. 513, 523, 178 S.W. 1184, 1186, as follows:

"Upon collateral attack on a judgment or decree of a court of general jurisdiction by parties or privies thereto, the rule is that such judgment or decree cannot be questioned, except for want of authority over the matter adjudicated upon, and the want of authority must be found in the record itself."

██ It is also well settled in this State that the writ of habeas corpus may not be employed as a substitute for an appeal or writ of error. *State ex rel v. West,* 139 Tenn. 522, 530, 201 S.W. 743; *State ex rel. Underwood v. Brown,* 193 Tenn. 113-122, 244 S.W.2d 168.

While the indictment in this case shows that the petitioner was charged with the crime of armed robbery,

upon the trial of his case there was no effort upon the part of the prosecuting attorney to have the jury inflict the death penalty.

■■ The record also shows that the petitioner did not at any time request the trial court for the appointment of counsel or of a court reporter. And to the contrary the record shows that petitioner employed attorneys to represent him and that either he or his attorneys employed a court reporter who was present during the entire trial and took down the testimony of all witnesses. There was no complaint made by the petitioner in his motion for a new trial of the errors about which he now complains in this petition for the issuance of a writ of habeas corpus.

Considering the entire record in the light most favorable to the petitioner, we find that his petition is without merit and the action of the Trial Court in dismissing said petition is affirmed.