**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FEBRUARY SESSION, 1997**

FILED

July 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JEFFREY ALLEN HUDSON** | ) | **C.C.A. NO. 03C01-9605-CC-00200** |
| | ) | |
| Petitioner/Appellant, | ) | **BLEDSOE COUNTY** |
| | ) | |
| | ) | |
| **V.** | ) | **HON. THOMAS W. GRAHAM,** |
| | ) | **JUDGE** |
| **JAMES BOWLEN, WARDEN,** | ) | |
| | ) | **(HABEAS CORPUS/** |
| Appellee. | ) | **AGGRAVATED RAPE)** |


FOR THE APPELLANT:                    FOR THE APPELLEE:

**JEFFREY ALLEN HUDSON, (pro se)**    **JOHN KNOX WALKUP**
STSRCF, Route 4 Box 600              Attorney General & Reporter
Pikeville, TN  37367
                                     **SARA M. BRANCH**
                                     Assistant Attorney General
                                     450 James Robertson Parkway
                                     Nashville, TN  37243-0493

                                     **JAMES MICHAEL TAYLOR**
                                     District Attorney General

                                     **JAMES W. POPE, III**
                                     Assistant District Attorney General
                                     265 Third Avenue, Suite 300
                                     Dayton, TN  37321


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

This is an appeal as of right by Jeffrey Allen Hudson from the trial court's order dismissing his petition for writ of habeas corpus. The Circuit Court of Bledsoe County, Tennessee dismissed the petition without an evidentiary hearing based upon a finding that the judgment of conviction was facially valid. We note that the fifty (50) year sentence imposed upon Petitioner in 1987 has not yet expired. The Petitioner raises two (2) issues in his appeal. He argues that the trial court erred by ruling the judgment of conviction was voidable rather than void and that the trial court erred by treating his writ of habeas corpus as a petition for post-conviction relief. We find no merit in either one of the Appellant's issues, and affirm the trial court.

Appellant was convicted in the Criminal Court of Shelby County in 1987 for the aggravated rape of a twelve (12) year old child. He filed a direct appeal from his conviction to this court. On his direct appeal, he did not challenge the sufficiency of the evidence to sustain the conviction, but alleged reversible error caused by the admission into evidence of "other crimes" evidence. This court found no reversible error and affirmed the conviction. State v. Jeffrey Allen Hudson, No. 12, Shelby County (Tenn. Crim. App., Jackson, filed November 16, 1988). Subsequently, Appellant filed a petition for post-conviction relief in the Criminal Court of Shelby County, attacking his conviction for aggravated rape. In his petition for post-conviction relief, he alleged ineffective assistance of counsel during the prior proceeding. The trial court dismissed the petition for post-conviction relief and this court affirmed. Jeffrey A. Hudson v.

<u>State</u>, No. 02C01-9308-CR-00183, Shelby County (Tenn. Crim. App., Jackson, filed December 7, 1994), <u>perm</u>. <u>to appeal denied</u> (Tenn. 1995).

In his petition for writ of habeas corpus filed in the Circuit Court of Bledsoe County, Appellant did not allege that his sentence had expired. He did allege that the conviction was void because the Shelby County Court lacked jurisdiction to enter the judgment because the crime "petitioner stands convicted of **did not** occur in Shelby County, Tennessee, but in all actuality occurred in Desoto County, Mississippi." (Emphasis in original).

Appellant requests relief by writ of habeas corpus based upon allegations that the convicting court in Shelby County lacked venue and jurisdiction to hear the case. In <u>Archer v. State</u>, 851 S.W.2d 157 (Tenn. 1993), the court held:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

<u>Archer</u>, 851 S.W.2d at 164.

All that is contained in the record on appeal in this case is the Petition for Writ of Habeas Corpus, without any attachments thereto, the trial court's order dismissing the petition, and the Appellant's Notice of Appeal. However, from the opinion of this court in the direct appeal by Appellant from his conviction, we note that he was convicted following a jury trial in the Shelby

County Criminal Court. We may therefore presume that venue of the offense in Shelby County was satisfactorily proven, and jurisdiction was also proven that the crime had occurred in the State of Tennessee and not in Mississippi. In Bomar v. State, ex rel. Stewart, 201 Tenn. 480, 300 S.W.2d 885 (1957), a defendant pled guilty to kidnapping, armed robbery, and grand larceny in the Criminal Court of Montgomery County for offenses which were committed when the defendant was a juvenile. There was no hearing in juvenile court to transfer the case for the defendant to be tried as an adult. However, at the defendant's arraignment in criminal court, he informed his attorney, the district attorney, and the trial court that he was eighteen (18) years of age. The defendant subsequently filed a petition for writ of habeas corpus alleging that the criminal court was without jurisdiction to enter a judgment of conviction when he was not an adult. He specifically alleged that the judgments were void on their face. The trial court sustained the petition after hearing the proof of the defendant's age at the time of the offenses. The Tennessee Supreme Court reversed and denied the petition for writ of habeas corpus. In so doing, that court held:

> In the present case the jurisdiction of the criminal court over Stewart depended, in so far as pertinent here, upon a certain fact, to-wit, his age. The Trial Court made inquiry as to that fact, and found that Stewart was eighteen years old. This finding was based upon Stewart's own statement to his Court appointed attorney and to the district attorney. Such being the situation, the Court's finding in the matter is conclusive on collateral attack, according to the weight of authority.

Bomar, 300 S.W.2d at 889.

We conclude that the original trial of Appellant which led to his conviction of aggravated rape necessarily included a finding by the trial court and

the jury that venue, and by necessity jurisdiction, of the offense was appropriately in Shelby County, Tennessee. This issue is without merit.

In his other issue, Appellant argues that the trial court erred by treating the petition for habeas corpus as a petition for post-conviction relief and thereby dismissing it due to being filed after the statute of limitations had expired.

The record itself reflects that this issue is totally without merit. In its order, the trial court found that at most, the judgment of conviction was not void, but voidable, and therefore the petition for writ of habeas corpus should be denied. The trial court merely noted that it had authority under Tennessee Code Annotated section 40-30-205 to treat the habeas corpus petition as a petition for post-conviction relief under proper circumstances. However, the trial court specifically found that it could not treat the Appellant's petition as one for post-conviction relief because it was not filed within the statute of limitations period and it was not filed in the court of the county of conviction.

Finding both of Appellant's issues to be without merit, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
JERRY L. SMITH, Judge