IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## JIMMY JENNETT, JR., A/K/A MICHAEL BREWER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. 54027      Don Ash, Judge**

---

**No. M2004-01414-CCA-R3-HC - Filed May 6, 2005**

---

The petitioner, Jimmy Jennett, Jr., appeals the trial court's dismissal of his petition for writ of habeas corpus. In this appeal, he asserts that the trial court erred by dismissing the petition because he is "restrained of his liberty" by virtue of a 1977 Tennessee conviction that was used to increase his sentence for a 1985 Mississippi conviction. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Gerald L. Melton, District Public Defender, for the appellant, Jimmy Jennett, Jr.

Paul G. Summers, Attorney General & Reporter; David E. Coenen, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 1, 1977, the petitioner, under the name Jimmy Jennette, Jr., entered guilty pleas to passing worthless checks in case numbers 6760, 6761, and 6977 in Rutherford County. The judgment forms indicate that the petitioner received concurrent sentences of five years, suspended upon the payment of costs and repayment of the amount of each check. On January 30, 1985, the petitioner was convicted in Mississippi under the name Michael Brewer of one count of aggravated assault upon a law enforcement officer. He was sentenced to thirty years' incarceration as an habitual offender. The prior convictions utilized for the habitual offender finding were a 1983 Mississippi conviction for kidnapping and the Tennessee conviction for passing a worthless check in case number 6760. In Michael Brewer a/k/a Jimmy Jennette, Jr. v. State, 497 So. 2d 821 (Miss. 1986), the Mississippi supreme court affirmed the petitioner's assault conviction and the habitual offender sentence.

On May 2, 2003, the petitioner filed a petition for writ of habeas corpus in case numbers 6760, 6761, and 6977, alleging that the judgments were void because the trial court was without jurisdiction. He claimed that he did not personally appear before the court, did not sign the guilty plea and waiver of rights forms, and did not actually enter guilty pleas in those cases. He asserted that because he did not personally appear, the trial court was without personal jurisdiction to accept the pleas or impose the sentences. The trial court held an abbreviated hearing solely for the purpose of determining whether a full evidentiary hearing would be necessary. Neither the state nor the petitioner presented any proof and the petition was dismissed:

> I have reviewed this and I do not feel that a hearing is required. I think in looking at this document, I'm to look at the face of the judgment and it does not show that it's void on its face. . . . So, I'm going to dismiss this petition for habeas corpus.

In this appeal, the petitioner renews his complaint that the trial court was without personal jurisdiction because he did not personally appear before the court. The state submits that the trial court did not err because the petitioner is no longer "restrained of his liberty" as required by statute and is thus not entitled to habeas corpus relief. The petitioner contends that he is restrained of his liberty because the prior conviction was used to enhance the sentence he received in Mississippi.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than a hundred years. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 57 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101.

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose

of the habeas corpus petition is to contest a void, not merely a voidable, judgment.[1] State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id.

As indicated, the petitioner asserts that his convictions are void because he did not personally appear before the trial court. He claims that because he did not personally appear, the trial court was without personal jurisdiction. It is his contention that he is restrained of his liberty because the conviction in case number 6760 was used as one of the predicate offenses to establish his 1985 Mississippi sentence as an habitual offender.

Recently, in Hickman v. State, 153 S.W.3d 16 (Tenn. 2004), our supreme court addressed whether a petitioner was entitled to seek habeas corpus relief from a judgment when the sentence had been fully served but the conviction was used to enhance the sentence for a subsequent offense. In Hickman, the petitioner pled guilty to one count of possession of marijuana in 1986 and received a ten-day suspended sentence and a fifty-dollar fine. Some sixteen years later, after being convicted of a subsequent crime and facing possible sentence enhancement in the United States District Court, the petitioner filed a petition for writ of habeas corpus, contending that the possibility of sentence enhancement based upon the 1986 conviction was a restraint on his liberty. Our supreme court

---

[1] The Post-Conviction Procedure Act codified at Tennessee Code Annotated sections 40-30-101 thru 40-30-122 describes the procedure for filing a petition for post-conviction relief. The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. In 1986, the General Assembly adopted a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature amended the Post-Conviction Procedure Act such that under our current law, a petitioner must seek post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a) (2003). Accordingly, a petition for post-conviction relief is time-barred in this case.

affirmed the trial court's dismissal of the petition, holding that while a person may be restrained of liberty without being physically confined, the possibility of future sentence enhancement was not a restraint of liberty sufficient to permit the filing of a petition for writ of habeas corpus. Id. at 22. Our high court ruled that a petitioner may seek habeas corpus relief only "when the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." Id. Further, the high court held that "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." Id. at 23.

In our view, this case is indistinguishable from Hickman. The petitioner, incarcerated for a Mississippi conviction for which he received a sentence as an habitual offender, seeks habeas corpus relief from his 1977 Tennessee convictions. The five-year sentence has long since expired. Because the petitioner is no longer restrained of his liberty as a result of the 1977 convictions, he may not seek habeas corpus relief. See id.

In any event, the petitioner has failed to establish that his conviction is void, a requirement for the grant of habeas corpus relief. He claims that he did not personally appear in the trial court, insists that he never actually pled guilty to the charges, and asserts that he assumed that they had been dismissed by virtue of his consent to pay the worthless checks.

In Ritchie, our supreme court confirmed that "an absence of jurisdiction is cognizable in a habeas corpus proceeding, and that if the court of conviction was actually without . . . jurisdiction, then the [petitioner's] conviction is void." Ritchie, 20 S.W.3d at 631. Our high court cautioned, however, that the petitioner must demonstrate the lack of jurisdiction from the face of the judgment or record. Id. The high court held that "when a judgment of conviction is alleged to be void for want of territorial jurisdiction, that fact must appear clearly and indisputably either on the face of the judgment or in the original trial record." Id. at 633. "[W]hen a court is one of general jurisdiction, 'there is a presumption that nothing shall be intended to be out of its jurisdiction except that which so appears upon the face of the judgment or in the record of the case in which that judgment is rendered.'" Id. (quoting Bomar v. State ex rel. Stewart, 201 Tenn. 480, 483, 300 S.W.2d 885, 887 (1957)) (emphasis added by Ritchie).

In this case, the judgment forms indicate that the defendant personally appeared before the convicting court. Further, the written plea of guilty provides as follows:

> The defendant appearing in person in this cause, and having been fully advised by the Court of the crime charged against him, the punishment which could be meted out if the defendant is found guilty, and of his Constitutional rights therein, hereby voluntarily pleads guilty to the offense of passing worthless checks 3 cases.
> The defendant also states to the Court that he has been fully informed of all of his rights and that after a full explanation of these rights, the defendant wants to voluntarily enter a plea of guilty.

-4-

Because it does not "clearly and indisputably" appear from the face of the judgment or the record that the convicting court was without personal jurisdiction, the convictions are not void. See id. In consequence, the petitioner, even if he were restrained of his liberty, would not be entitled to habeas corpus relief.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE