IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

## KELVIN WADE CLOYD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 4403     Lynn W. Brown, Judge**

_____

**No. E2004-02283-CCA-R3-HC  - Filed June 6, 2005**

_____

The petitioner, Kelvin Wade Cloyd, appeals the Johnson County Criminal Court's summary dismissal of his petition for *habeas corpus* relief.  Following our review upon the record, we vacate the order and remand for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Vacated and Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Kelvin Wade Cloyd, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; and Kathy D. Aslinger, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The May 14, 2004 petition for *habeas corpus* relief challenged the petitioner's 1994 Class B felony conviction of possession of more than .5 gram of cocaine for resale.  Attached to the petition were copies of judgment forms and of an order reflecting that in 1994 the trial court originally imposed a ten-year, Range I sentence; that following the filing of additional charges of marijuana possession and vehicular homicide against the petitioner, the remaining, apparently probationary portion of the ten-year sentence was revoked on November 8, 1996; and that on November 8, 1996, the trial court, via an "amended" judgment, resentenced the petitioner to an incarcerative term of 12 years. The petitioner claims the 12-year sentence is void.

The initial judgment was entered on January 19, 1994.  It recited the finding of guilty and the imposition of a ten-year sentence, but the judgment was apparently entered before the sentencing hearing in which the court determined the manner of service of the ten-year sentence, as evidenced by a notation on the judgment that read, "Sentencing hearing 3-11-94."  In his petition, the petitioner alleged that the hearing to determine manner of service was continued from March 11 to May 6, 1994, and that on that date, the trial court determined that the petitioner should serve one

year of "community corrections/house arrest," followed by nine years' "probation." No order or judgment reflecting the trial court's manner-of-sentence action, however, was attached to the petition, and moreover, the record before us contains no such document. Following the 1996 revocation of "probation," the trial court entered the "amended" judgment that "increase[d the] original sentence of 10 years entered on 5-6-94 for violation of community corrections" to a Department of Correction sentence of 12 years.

In his petition for *habeas corpus* relief, the petitioner essentially claimed that the manner of serving the 1994 ten-year sentence was a term of nine years' probation following a one-year term of "community corrections/house arrest." He claimed that he had been released on probation when he was involved in events that led to the revocation of his probation. Because he was on *probation* when these events occurred, he maintained that the court had no power to increase his sentence. *See* Tenn. Code Ann. § 40-35-311(d) (2003) (empowering court, upon revocation of probation, to "cause the defendant to commence the execution of the judgment *as originally entered*") (emphasis added).

Despite the petitioner's motions in the *habeas corpus* court to be appointed counsel and to be furnished with copies of court and Department of Correction records in his case, the trial court declined to appoint counsel or order the furnishing of records; instead, it granted the state's motion to dismiss the petition without a hearing upon determining that "[n]othing in the petition would support a finding by this court that [the] petitioner's conviction is void or that his sentence has expired." From this ruling, the petitioner appealed in a timely manner.

We conclude that, although the petition may have been vulnerable to dismissal upon an adjudication in the *habeas corpus* court that it was statutorily noncompliant, the petition minimally stated a claim in *habeas corpus*. Furthermore, any procedural noncompliance will not be the basis for affirming on appeal the dismissal of the petition when the noncompliance was not raised or adjudicated below. Accordingly, a remand for further proceedings is necessary.

The legal issues raised in a *habeas corpus* proceeding are questions of law, and our review of questions of law is *de novo*. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[W]hether to grant the petition [for *habeas corpus* relief] is a question of law that we review de novo."); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*).

The privilege of the writ of *habeas corpus* is constitutionally guaranteed by Article I, section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. "Although the writ is constitutionally guaranteed, 'the practice in regard thereto has been regulated by statute in this state at least since the Code of 1858.'" *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000) (quoting *Ussery v. Avery*, 222 Tenn. 50, 53, 432 S.W.2d 656, 657 (1968).

The procedures authorizing the use of the writ are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. The statutory procedures for seeking *habeas corpus* relief are mandatory and must be followed scrupulously. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). One requirement is that the petitioner must attach to his petition a copy of the legal process that forms the basis for his restraint, or else the petitioner must provide a satisfactory reason why the copy cannot be attached. Tenn. Code Ann. § 29-21-107(b)(2) (2000).

In Tennessee, *habeas corpus* relief is available only when the record of the original judgment facially reflects that the conviction is void due to a lack of the convicting court's jurisdiction or when the sentence has expired. *Hickman*, 153 S.W.3d at 20; *Ritchie*, 20 S.W.3d at 630; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In the present case, it is clear that the 12-year sentence has not expired; accordingly, whether the petitioner has presented a viable claim for *habeas corpus* relief depends on whether the sentencing judgment is void.

"On several occasions, [our supreme court has] made clear that a petitioner 'cannot collaterally attack a facially valid conviction in a habeas corpus proceeding,' and therefore, the original judgment of conviction from which relief is sought must be void on its face and not one that is merely voidable." *Ritchie*, 20 S.W.3d at 631.

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a *habeas corpus* proceeding). For an illegal sentence claim to support a claim for *habeas corpus* relief, however, the illegality of the sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). Relative to the egregiousness of the sentencing defect, our supreme court in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), said that an "illegal" sentence equates to a "jurisdictional defect." *Id.* at 92; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979) ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164.

In Tennessee, no collateral challenge to a court's jurisdiction by means of *habeas corpus* is permitted "unless the *absence of jurisdiction* affirmatively appears from the record of the trial." *Ritchie*, 20 S.W.3d at 630 (emphasis added). Thus, the writ of *habeas corpus* will not lie to afford relief to a person under restraint by the order of a court of general jurisdiction whose sentence has not expired unless the order "discloses [a] want of authority to pronounce that judgment." *Bomar v. State ex rel. Stewart*, 201 Tenn. 480, 485, 300 S.W.2d 885, 887 (1957). This is not to say, however, that for purposes of appellate review, the want of authority to pronounce a judgment must appear in a document contained in the petition when the respondent makes no objection to, and the *habeas corpus* court ignored, its absence. We endeavor to explain.

Certainly, in the present case, the judgment, order, and amended judgment that were appended to the petition do not reveal any lack of the sentencing court's jurisdiction to impose a 12-year sentence.[1] The 1996 amended judgment recites that the resentencing of the petitioner to a term of 12 years was based upon the revocation of a community corrections placement, and indeed, the trial court was empowered to resentence – and increase the sentence of – the petitioner upon revocation of his community corrections placement. *See* Tenn. Code Ann. § 40-36-106(e)(4) (1997) (empowering court, upon revocation of a community corrections sentence, to resentence the petitioner to incarceration "for any period of time up to the maximum sentence provided for the offense committed"); *see also id.* § 40-35-112 (maximum sentencing for Class B offense in Range I is 12 years). *Compare id.* § 40-36-106(e)(4) *with id.* § 40-35-311(d) (1997) (upon revocation of probation, court may "cause the defendant to commence the execution of the judgment *as originally entered*") (emphasis added).

First, assuming that the 1994 order of judgment setting forth the manner of service of the petitioner's ten-year sentence was not a part of the documentation required to be attached to the petition by Code section 29-21-107(b)(2), its absence obviously provides no basis for a dismissal due to procedural deficiency. The question before the *habeas corpus* court then becomes whether the petitioner's allegations of an annulling defect appearing on the face of the conviction record were adequate to avail the petitioner of a hearing and an opportunity to prove such allegations. We emphasize that, in such a situation, a remand for a hearing is required by the principle, emphasized in *Ritchie*, that *habeas corpus* relief is afforded when a defendant's judgment is void based upon either a defect appearing in the judgment *or one appearing on the record. See Ritchie*, 20 S.W.3d at 631. When an adequate and proper allegation is made, the petitioner is entitled, through a hearing, to attempt to establish the asserted, colorable premise for *habeas corpus* relief. *See McLaney,* 59 S.W.3d at 94-95.

Alternatively, we could view the 1994 order or judgment setting forth the manner of service of the petitioner's ten-year sentence as a part of the documentation pursuant to which the petitioner was restrained because the 1996 judgment was an amendment of the earlier judgment. Accordingly, the 1994 order omitted from the petition should have been attached as directed by Code section 29-21-107(b)(2). In this view, the petition could have been dismissed because the earlier judgment was absent. *Hickman*, 153 S.W.3d at 21.

Such a view, however, does not alter the result. In *Hickman*, our supreme court declined to adjudicate Hickman's appeal of the dismissal of his *habeas corpus* petition on the basis

---

[1] We see no meaningful significance to the trial court's reference to "probation" in its 1996 revocation order. The community corrections regimen typically entails a probation feature, *see* Tenn. Code Ann. § 40-36-106(e)(1) (2003) (describing community corrections placement as a "community based alternative[] to incarceration"), and when the terms of the placement are breached, the trial court is authorized to proceed pursuant to the probation-revocation statute to revoke the placement, *see State v. Harkins,* 811 S.W.2d 79, 82-83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation").

of a procedural infirmity in a counsel-assisted petition when the state did not object and the *habeas corpus* court did not adjudicate the case on the basis of the procedural lapse. *Id*. In that situation, the high court ignored the procedural infirmity and adjudicated the merits of the case as presented by the *habeas corpus* court's adjudication. *Id*. We, therefore, believe that we are likewise constrained to do the same. Consequentially, we ignore the omission of the 1994 manner-of-sentence order and consider whether the petition's allegations state a cause of action in *habeas corpus* and whether the allegations warrant a hearing to avail the petitioner the opportunity to introduce the necessary documentation as evidence.

We recognize that the trial court's 1996 amended judgment recites that the sentence was increased based upon a "violation of *community corrections*." (Emphasis added.) We also recognize that a sentence of ten years was not legally subject to probation *when the defendant was sentenced*. *See* Tenn. Code Ann. § 40-35-303(a) (1997) (providing that eligibility for probation exists for defendants with sentences of eight years or less).[2] Nevertheless, the petitioner has alleged a legal circumstance which, if true, supports his claim of a void 12-year sentence. The petitioner's failure to append to his petition all of the statutorily-required documents was not raised below. Moreover, the *habeas corpus* court's failure to rely on the petitioner's deficient documentation as a basis for dismissing the petition sets the stage for the petitioner's opportunity to establish the 1994 manner-of-service order by introducing it into evidence, along with any other material, face-of-the-record evidence.

Thus, under either view of sections 29-21-107(b)(2)'s application to the 1994 manner-of-service judgment, a hearing is required to allow the petitioner to introduce evidence of a void judgment. In preparation for and during the hearing, the petitioner should have the services of counsel, who should be appointed if the *habeas corpus* court finds the petitioner to be indigent. We remind the petitioner that the "burden of proof that the judgment is 'void,' rather than 'voidable,' rests with the petitioner." *McLaney*, 59 S.W.3d at 92.

Based upon the foregoing reasons, we vacate the order dismissing the petition for a writ of *habeas corpus* relief and remand the cause to the criminal court for possible appointment of counsel and a hearing.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[2]A trial court is empowered to place on probation a community corrections defendant when the court finds that the defendant "*did* abide by the conditions imposed on the original" community corrections sentence, even though, as of the time of sentencing, the defendant was ineligible for probation. *See id.* § 40-36-106(e)(3)(A) (1997) (emphasis added). The power to grant, *midstream*, probation to a community corrections defendant who was not originally eligible for probation does not equate, however, with a power to suspend all or part of the ineligible sentence at the outset. At the time of sentencing in 1994, the trial court had no authority to impose a probationary sentence because the length of the sentence exceeded eight years.